537 A.2d 14

The ESTATE OF John Victor JORDAN, by His Guardian Brenda FOSTER and New Medico Associates, Inc.

v.

COLONIAL PENN INSURANCE COMPANY and Prudential Insurance Company and Pennsylvania Assigned Claims Plan (Two Cases).

Appeal of PRUDENTIAL INSURANCE COMPANY.

Appeal of COLONIAL PENN INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Nov. 17, 1987.

Filed Feb. 1, 1988.

David M. McCormick, Philadelphia, for Prudential, appellant in No. 451 and appellee in No. 452.

James C. Haggerty, Philadelphia, for Colonial Penn, appellant in No. 452 and appellee in No. 451.

A. Richard Feldman, Philadelphia, Pa. Assigned Claims, appellee.

Before CAVANAUGH, TAMILIA and HOFFMAN, JJ.

TAMILIA, Judge:

These are timely cross-appeals by defendants Colonial Penn Insurance Company ("Colonial"), and Prudential Insurance Company ("Prudential"), of a January 14, 1987 trial court Order entering summary judgment in favor of defendant Pennsylvania Assigned Claims Plan ("the Plan"). This action was commenced on October 24, 1984 by the plaintiff John Victor Jordan, an incompetent, by his sister and guardian Brenda Foster. The case arose from a motor vehicle accident that occurred on December 30, 1982. On that date, Harry Yellin, the owner operator of a vehicle insured by Prudential, struck Jordan on Interstate 95 in Philadelphia, Pennsylvania, causing serious bodily injuries which rendered Jordan an incompetent. Jordan has never been able to explain the events leading up to his unfortunate accident because of his permanent condition.

An automobile belonging to Mr. Jordan was subsequently found parked alongside the roadway approximately three-quarters of a mile south of the accident scene. Although no evidence has surfaced to explain Jordan's situation, the trial court conjectured that Jordan experienced mechanical difficulty, parked his automobile, and set off on foot to seek assistance when he was struck (Slip Op., Wallace, J., 5/19/87, p. 2).

By Order of June 11, 1985, the trial court permitted New Medico Associates, one of the medical providers to Jordan, to become an intervening plaintiff in the action. Plaintiffs' action seeks basic loss benefits pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act ("No-fault Act"),

40 P.S. § 1009.101 *et seq.*[1]  Plaintiffs seek recovery from Colonial based on a motor vehicle insurance policy it issued to Brenda Foster, with whom Jordan was living at the time of the accident.  Plaintiffs seek alternative recovery from Prudential pursuant to its policy issued to Yellin, and as a last resort seeks basic loss benefits through the Plan.  All three defendants filed an answer and new matter to Jordan's complaint and all three participated in extensive discovery.  At the close of pleadings and discovery, cross-motions for summary judgment were filed by the defendants and subsequently denied.  A court-approved settlement was then entered into by Colonial for basic loss benefits, interest, counsel fees and costs in the amount of $553,000 on December 19, 1986, without prejudice to Colonial's claims against the other defendants.  Subsequently, after reconsideration, the trial court granted the Plan's motion for summary judgment on January 14, 1987, dismissing the Plan. It is from this Order that Colonial and Prudential bring these timely appeals.

Summary judgment may be entered only in the clearest of cases where the right to judgment is clear and free from doubt.  *Consumer Party of Pennsylvania v. Commonwealth of Pennsylvania,* 510 Pa. 158, 507 A.2d 323 (1986); *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979);  Pa.R.C.P. 1035(b).  As we stated in *Morgan v. Johns-Manville Corporation,* 354 Pa.Super. 58, 61, 511 A.2d 184, 186 (1986):

Summary judgment 'shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  Pa.R.Civ.P. 1035(b).  When deciding whether to grant a motion for summary judgment, a court must draw all reasonable inferences in favor of the non-moving party, *Helinek v. Helinek,* 337 Pa.Superior Ct. 497, 502,

---

1.  Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101 *et seq.,* 40 P.S. § 1009.101 *et seq.,* repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a) effective October 1, 1984.

487 A.2d 369, 372 (1985), and view all of the evidence in a light most favorable to the non-moving party, *Rossi v. Pennsylvania State University*, 340 Pa.Superior Ct. 39, 48, 489 A.2d 828, 833 (1985). Moreover, summary judgment may be rendered only in cases that are free from doubt. *Id.*, 340 Pa.Superior Ct. at 44–45, 489 A.2d at 831; *Huffman v. Aetna Life and Casualty Co.*, 337 Pa.Superior Ct. 274, 277, 486 A.2d 1330, 1331 (1984).

*See Davis v. Pennzoil Company*, 438 Pa. 194, 264 A.2d 597 (1970); *Chandler v. Johns-Manville Corporation*, 352 Pa. Super. 326, 507 A.2d 1253 (1986); *Pennsylvania Gas & Water Company v. Nenna & Frain, Inc.* 320 Pa.Super. 291, 467 A.2d 330 (1983).

Section 1009.204(a) of the No-fault Act sets forth a priority schedule of the sources of payment of no-fault basic loss benefits with a descending list of priorities. Jordan's complaint claims recovery from Colonial pursuant to section 1009.204(a)(2), with alternative recovery from Prudential pursuant to section 1009.204(a)(4) should Colonial be found to be not liable, and final recovery from the Plan pursuant to section 1009.204(a)(5) should neither Colonial or Prudential be found liable:

§ 1009.204. **Source of basic restoration benefits**

(a) **Applicable security.**—The security for the payment of basic loss benefits applicable to an injury to:

. . . .

(2) an insured is the security under which the victim or deceased victim is insured;

. . . .

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

40 P.S. § 1009.204(a) (repealed). As we explained in *Tyler v. Insurance Company of North America,* 311 Pa.Super. 25, 30, 457 A.2d 95, 97 (1983):

> In determining the applicable source of basic loss benefits under Section 204's priority system, the pertinence of each subsection must be considered seriatim—that is, the applicability of each preceding subsection must be excluded before the next may be considered. The security provided by the assigned claims plan is applicable only as a last resort.

Following this method of determining the proper source of basic loss benefits, the trial court examined the positions taken by Colonial and Prudential and concluded that liability rested upon either Colonial or upon Prudential, therefore, making it conclusive under section 1009.204(a) that the Plan cannot be liable.

The trial court's rationale can only be understood after a review of Colonial and Prudential's positions and defenses. Colonial argues two reasons exist which demonstrate it is not liable for Jordan's basic loss benefits claims. First, Colonial contends that there is a factual dispute as to whether Jordan resided with its insured Brenda Foster at the time of the accident within the meaning of the No-fault Act's section 1009.103's definition of an "insured" as a relative "in residence in the same household with a named insured," Brenda Foster. Colonial argues that Jordan was not a resident in Brenda Foster's home and, therefore, is not an insured of Colonial. In the alternative, Colonial argues that even if it should be determined that Jordan was a resident in Foster's home, he would be rendered ineligible for benefits by an exclusion in Colonial's policy.[2]

Prudential's sole defense lies in its position that Jordan was, in a legal sense, an "occupant" of his own car, which

---

**2.** The validity of the exclusion Colonial relies upon was not ruled upon by the trial court (slip Op. at 5–6), and we express no opinion as to its validity now.

was parked approximately three-quarters of a mile away from the accident scene. Prudential argues, its insurance policy to Yellin was inapplicable to Jordan under Section 1009.204(a)(4) since that only applies to persons who are not the "occupant of a motor vehicle" and Jordan, in Prudential's view, was an occupant of his vehicle. This would mean Prudential's insurance coverage was inapplicable to Jordan's injuries, leaving the Plan as Jordan's sole source of basic loss benefits.

By applying the statutory priority schedule required under the No-fault Act, the trial court found there were no disputed factual issues preventing a summary judgment in favor of the Plan:

> This Court recognizes that there are substantial questions of fact which must be resolved in order to determine whether Colonial Penn or Prudential should bear responsibility for Mr. Jordan's basic loss benefits. Those issues include a determination of whether Mr. Jordan resided with his sister Brenda Foster; and whether Mr. Jordan's injuries resulted from the maintenance or use of his motor vehicle.

> When those factual issues are ultimately resolved, it will necessarily result in the placement of liability upon either Colonial Penn or upon Prudential. Given that result, there can be no liability placed upon the Pennsylvania Assigned Claims Plan.

> The only circumstance which could lead to a conclusion that the Pennsylvania Assigned Claims Plan is liable would be a determination that John Victor Jordan was an 'occupant' of his motor vehicle at the time of the accident.

> This Court concluded that as a matter of law it cannot be said that Mr. Jordan was an 'occupant' of his motor vehicle at the time of the accident. For that reason, there can be no liability placed upon the Pennsylvania Assigned Claims Plan and this Court therefore granted the Plan's motion for summary judgment.

(Slip Op. at 6–7).

After review of the record and briefs, we agree with the trial court's determination that triable issues of

fact remain as to Colonial's defenses. Therefore, the remaining issue is whether Prudential's defense that Jordan was not an occupant of his own parked vehicle is meritorious or not. We agree with the trial court that as a matter of law Jordan was not an "occupant" of his motor vehicle. Therefore, Prudential is liable under the priority schedule of section 1009.204(a) for the No-fault Act if, and only if, Colonial is not liable, and because it is certain that either Colonial or Prudential are liable the Plan cannot be liable. *See Tyler, supra.* Accordingly, we affirm.

The No-fault Act does not define the word "occupant" in any of its provision. The provisions of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 *et seq.,* govern the general construction and interpretation of words appearing in the statutes of this Commonwealth. Specifically, 1 Pa. C.S. § 1903 provides:

### § 1903. Words and phrases

(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

(b) General words shall be construed to take their meanings and be restricted by preceding particular words.

As we commented in *Brinkley v. Pealer,* 341 Pa.Super. 432, 437, 491 A.2d 894, 897 (1985), "[i]n construing the provisions of the No-fault Act, we should not disregard the clear and unambiguous language of the Act on the pretext that a literal interpretation will frustrate its spirit."

In *Hayes v. Erie Insurance Exchange,* 261 Pa.Super. 171, 395 A.2d 1370 (1978), we found that an uninsured person who parked their motor vehicle, walked away from it, and was struck by the insurer's vehicle while crossing an intersection was not an "occupant" of her own vehicle, but rather a pedestrian entitled to benefits from the insurer of

the striking vehicle pursuant to section 1009.204(a)(4) of the No-fault Act. We find *Hayes* controlling in the present matter, and find that as a matter of law a person three-quarters of a mile from their own parked vehicle is not an "occupant" within the meaning of 40 P.S. § 1009.204(a)(4).

Additionally, the Supreme Court's decision in *Utica Mutual Insurance Company v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), is inapposite because it dealt with the construction of a policy of uninsured motorist insurance and not the construction of a statute.

Order affirmed.