552 A.2d 699

The **DONEGAL MUTUAL INSURANCE COMPANY**, Appellant,

v.

**Ellen Anne FERRARA and Ronald Spock and Lisa Spock, his wife.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1988.

Filed Jan. 5, 1989.

Thomas J. Nolan, Scranton, for appellant.

John Sobota and Joseph E. Jane, Wilkes–Barre, for appellees.

Before CAVANAUGH, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

This appeal is brought pursuant to an Order of this Court dated May 25, 1988 which granted the petition for review filed by appellant Donegal Mutual Insurance Company (Donegal Mutual). Donegal Mutual appeals a May 4, 1988 refusal of the trial court to amend its April 8, 1988 Order to grant permission to file this appeal, and the April 8, 1988 Order itself. The April 8, 1988 Order denied appellant's motion for summary judgment and directed the appellant to defend Ellen Anne Ferrara in the matter of *Ronald Spock and Lisa Spock, his wife v. Ellen Anne Ferrara*, No.

831–C of 1987, Luzerne County Court of Common Pleas. The Order also denied without prejudice appellant's request for declaratory relief concerning its obligation to indemnify Ferrara.

Ronald Spock and his wife Lisa brought action against Ellen Ferrara alleging she had committed a battery and assault on Ronald Spock when she twice kicked him in the groin area which eventually which caused him to undergo a right orchiectomy. The complaint also sought both compensatory and punitive damages, as well as damages for the wife's loss of consortium. On October 5, 1987, Donegal Mutual, as Ferrara's home-owner insurer, brought a separate action, which is the basis of this appeal, seeking declaratory judgment and alleging among other things it was not required under the policy to defend/indemnify Ferrara because the policy excludes from coverage any bodily injury or property damage which is expected or intended by the insured and the allegations in the complaint against Ferrara indicate the injuries complained of resulted from intentional acts of Ferrara. Donegal Mutual also filed a motion for summary judgment in its declaratory judgment action on January 21, 1988. The matter was resolved by the April 8, 1988 Order in question. As noted above, after the court on May 4, 1988 refused to amend the interlocutory Order of April 8, 1988 to grant permission to file appeal, this Court granted permission for this appeal.

On appeal Donegal Mutual argues the court erred in denying its motion for summary judgment and in deciding in the declaratory judgment action that Donegal Mutual must defend Ferrara. Donegal Mutual further urges the court erred in affirmatively ordering it to defend Ferrara because no cross-motion for summary judgment was filed by the opposing parties.

While we granted permission to appeal, a determination must be made as to whether the appeal is properly before us or whether permission to appeal was inadvertently granted. Although appeal may not ordinarily be taken from an Order denying a motion for summary judgment

since such an Order is interlocutory, this Court granted permission to appeal, as noted above. *See Husak v. Berkel, Inc.,* 234 Pa.Super. 452, 341 A.2d 174 (1975); 42 Pa.C.S. §§ 702; 742; Pa.R.A.P. 1311. The petition for review, requesting permission to appeal, was granted after a vote of the full Court, when this Court determined there was a controlling question of law, as to which there is a substantial ground for difference of opinion, which had to be decided so as to materially advance the ultimate termination of the matter.

In reviewing the disposition of the summary judgment motion we turn to the following standard.

Summary judgment may be entered only in the clearest of cases where the right to judgment is clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth of Pennsylvania,* 510 Pa. 158, 507 A.2d 323 (1986); *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979); Pa.R.C.P. 1035(b). As we stated in *Morgan v. Johns–Manville Corporation,* 354 Pa.Super. 58, 61, 511 A.2d 184, 186 (1986):

Summary judgment 'shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.Civ.P. 1035(b). When deciding whether to grant a motion for summary judgment, a court must draw all reasonable inferences in favor of the non-moving party, *Helinek v. Helinek,* 337 Pa.Superior Ct. 497, 502, 487 A.2d 369, 372 (1985), and view all of the evidence in a light most favorable to the non-moving party, *Rossi v. Pennsylvania State University,* 340 Pa.Superior Ct. 39, 48, 489 A.2d 828, 833 (1985). Moreover, summary judgment may be rendered only in cases that are free from doubt. *Id.,* 340 Pa.Superior Ct. at 44–45, 489 A.2d at 831; *Huffman v. Aetna Life and Casualty Co.,* 337 Pa.Superior Ct. 274, 277, 486 A.2d 1330, 1331 (1984).

*Estate of Jordan v. Colonial Penn Insurance Co.*, 370 Pa.Super. 555, 558, 537 A.2d 14, 16 (1988).

The trial court in its Opinion filed April 11, 1988 found there exist genuine issues of material fact in this case. The trial court first examined the pleadings and affidavits involved: the complaint of the Spocks in No. 831–C which avers Ferrara twice willfully and maliciously kicked Spock in the groin area, contributing to or causing his injuries; the complaint of Donegal Mutual in the declaratory judgment action which alleges the policy with Ferrara specifically excludes from coverage any bodily injury or property damage "which is expected or intended by the insured," and all injuries complained of by Spock resulted from intentional acts of Ferrara; the answer and new matter of Spocks, filed October 14, 1987, which alleges the answer of Ferrara filed by Donegal Mutual's counsel is inconsistent with claims for declaratory judgment; the answer and new matter of Ferrara to the declaratory judgment action, filed January 14, 1988, which denies Ferrara's conduct was intentional and avers it was, instead, in self-defense, and could be determined by a jury to be negligence. The court correctly noted that an inquiry into whether a loss is within policy coverage is a question of law and may be decided by a motion for summary judgment. *Creed v. Allstate Insurance Co.*, 365 Pa.Super. 136, 529 A.2d 10 (1987), allocatur denied at 517 Pa. 616, 538 A.2d 499 (1988). Additionally, the trial court properly applied the following principles in evaluating the case. "[I]t is a necessary prerequisite to recovery upon a policy for the insured to show a claim within the coverage provided by the policy." *Erie Insurance Exchange v. Transamerica Insurance Co.*, 516 Pa. 574, 580, 533 A.2d 1363, 1366 (1987) (quoting *Warner v. Employers' Liability Assurance Corporation*, 390 Pa. 62, 133 A.2d 231 (1957)).

In *D'Auria v. Zurich Insurance Co.*, 352 Pa.Super. 231, 507 A.2d 857 (1986) we stated:

Not all claims asserted against an insured, however, activate the insurer's duty to defend. In analyzing whether the insurer has a duty to defend, we must first

look to the complaint filed against the insured. *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's*, 582 F.Supp. 865 (E.D.Pa.1984). "It is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend." *Springfield Tp. et al. v. Indemnity Ins. Co. of North America*, 361 Pa. 461, 64 A.2d 761 (1949). *See also Vale Chemical Company v. Hartford Acc. & Indem.*, 340 Pa.Super. 510, 490 A.2d 896 (1985). *Eastcoast Equipment Co. v. Maryland Casualty Co.*, 207 Pa.Super. 383, 218 A.2d 91 (1966). After discerning the facts alleged in the complaint, we then must decide whether, if those facts were found to be true, the policy would provide coverage. If it would, then there is a duty to defend. The much quoted language of Judge Learned Hand clearly delineates the well-settled principle.

"[I]f the plaintiff's complaint against the insured alleged facts which would have supported a recovery covered by the policy, it was the duty of the defendant to undertake the defence, until it could confine the claim to a recovery that the policy did not cover." *Lee v. Aetna Casualty & Surety Company*, 178 F.2d 750, 752 (2d Cir.1949). *See also Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 152 A.2d 484 (1959). If the factual allegations of the complaint on its face states a claim to which the policy *potentially* applies, the insurer must defend. *Pacific Indem. Co. v. Linn, supra* [590 F.Supp. 643 (E.D.Pa.1984) ]; *Brugnoli v. United Nat. Ins. Co.*, 284 Pa.Super. 511, 426 A.2d 164 (1981); *Gedeon v. State Farm Mutual Automobile Ins. Co.*, 410 Pa. 55, 188 A.2d 320 (1963); and *Seaboard Industries, Inc. v. Monaco*, 258 Pa.Super. 170, 392 A.2d 738 (1978).

*Id.*, 352 Pa.Superior Ct. at 234, 507 A.2d at 859 (emphasis in original).

The complaint filed against the insured in this case alleges Mr. Spock, who was employed as a police officer by Harvey's Lake Borough, received a call to investigate a one-car accident. At the site he discovered Ferrara, whom

he assisted in exiting the vehicle. After the arrival of other officers, Ferrara "suddenly and without warning, struck twice at the Plaintiff with her right arm, as a result of which she was taken into custody by ... Officer Dobinick and did then and there, willfully and maliciously kick Plaintiff in the groin area, contributing or causing the injuries...." (Spock Complaint at paragraph seven.) "[S]ubsequently, about 45 minutes later when Defendant was in the Harvey's Lake Police Department ... she did then or there once again without warning, willfully and recklessly kicked [sic] the Plaintiff herein once again in the groin area, causing or contributing to the injuries hereinafter set forth." (Spock Complaint at paragraph eight.) "As a result of the aforesaid assault and battery by the Defendant upon the Plaintiff, the Plaintiff suffered occult blood in his urine, ecchymosis of the right thigh and left knee and the right testicle and epididymitis, as well as groin contusions, all of which resulted in acute and chronic epididymitis requiring a right orchiectomy [removal of the testicle]." (Spock Complaint at paragraph nine.) The trial court in the instant case purported to base its determination upon this Court's decision in *United Services Auto Ass'n v. Elitzky,* 358 Pa.Super. 362, 517 A.2d 982 (1986), allocatur denied, 515 Pa. 600, 601, 528 A.2d 957 (1987), a case which involved an action brought by an insurer for a declaratory judgment seeking to establish the homeowner's policy therein excluded coverage for an action alleging malicious defamation and intentional infliction of emotional distress which had been brought against the insureds. The exclusionary clause in that case was identical to that in the instant case, as was recognized by the trial court. After considering the interpretation to be given the exclusionary clause, in light of the decisions of other jurisdictions, the *Elitzky* court held an intended harm exclusionary clause in an insurance contract is ambiguous as a matter of law and must be construed against the insurer. The court stated, "We hold that such a clause excludes only injury and damage of the same general type which the insured intended to cause. An insured intends an injury if he desired to cause the consequences of

his act or if he acted knowing that such consequences were substantially certain to result." *Elitzky* 358 Pa.Super. at 375, 517 A.2d at 989. The *Elitzky* court also ruled that intentional and expected are synonomous for purposes of insurance exclusionary clauses. In view of this holding, we find the trial court in the case *sub judice* erred when it determined the allegations of the Spock complaint do not aver Ferrara intended by her act to produce the damage which did in fact occur, and in consequently denying Donegal Mutual summary judgment. It is clear from the face of the complaint that the Spocks claim Ferrara acted intentionally when she kicked Mr. Spock in the groin, and when she kicked him there again 45 minutes later. Ferrara acted knowing the consequences of her act would be damage to Spock's genitalia, and this would be substantially certain to result from her act. Thus, we find Donegal Mutual's motion for summary judgment should have been granted and the declaratory judgment should have been accordingly resolved, with Donegal Mutual relieved of the obligation to defend. Because we have determined the trial court erred in this manner, we need not address Donegal Mutual's remaining arguments.

Order reversed; summary judgment to be entered in favor of plaintiff, Donegal Mutual Insurance Company.