prior academic year, of separating Doe and Roe.

An appropriate Order follows.

## UNITRIN DIRECT INSURANCE COMPANY

v.

## Michael ESPOSITO

## CIVIL ACTION NO. 16–5239

United States District Court, E.D. Pennsylvania.

Filed 04/05/2017

---

Andrew J. Gallogly, Margolis Edelstein, Philadelphia, PA, for Unitrin Direct Insurance Company.

Stephen Durham, Durham & James, P.C., Media, PA, for Michael Esposito.

## MEMORANDUM OPINION

Savage, District Judge

Unitrin Direct Insurance Company brought this action seeking a declaration that it has no duty to defend and indemnify its insured, Michael Esposito, in a pending state court action alleging he assaulted the plaintiff.[1] Moving for judgment on the pleadings, Unitrin argues that Esposito is not covered because there was no occurrence, as defined in the policy, causing bodily injury. It also contends that coverage is excluded because the claim in the underlying action is for intentional bodily harm.

Rather than addressing Unitrin's coverage defenses, Esposito argues that there is no federal jurisdiction and that the action should be dismissed for failure to join indispensable parties. His arguments are meritless.[2] Nevertheless, we shall deny Unitrin's motion to the extent it seeks a

---

1. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Subject matter jurisdiction is based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

2. Esposito argues that the complaint must be dismissed for failure to join indispensable parties, the plaintiff (Anderson) and Esposito's codefendant (The Deck), in the underlying state court action. Fed. R. Civ. P. 19. An injured claimant is not an indispensable party to a declaratory judgment action between the alleged tortfeasor and his insurer. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228–30 (3d Cir. 2005); *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 238 (E.D. Pa. 2014) (citing *Treesdale*, 419 F.3d at 230; and *Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 238 (E.D. Pa. 2013)).

declaration that it need not defend Esposito.

After reviewing the policy, the plaintiff's complaint in the underlying action, and the complaint and the answer in this action, we conclude that Unitrin has failed to meet its burden of demonstrating that the insurance policy excuses it from defending Esposito as a matter of law. Although the injury-producing conduct alleged in the underlying action does not fall within the policy definition of an occurrence triggering coverage, the policy exclusion for intentional conduct expressly provides coverage when the insured acts in self-defense or in the defense of others. Because Esposito claims in the underlying action that he acted in defense of himself and his wife, Unitrin must defend him. If the jury rejects his defense and finds against him in the state court action, Unitrin will have no duty to indemnify him. If it finds for him, the issue of indemnity will be moot.

### The Underlying Action

On August 2, 2014, Esposito physically assaulted Mark Anderson at The Deck at Harbour Pointe, a bar located in Delaware County, Pennsylvania.[3] Anderson sued The Deck and Esposito in state court.[4] His complaint states causes of action for negligence against Esposito and The Deck, and for assault and battery against Esposito. In the assault count, Anderson alleges that Esposito, "without provocation, punched, kicked and injured [Anderson] causing permanent, significant and disfiguring facial injuries."[5] Anderson suffered facial fractures, a concussion, nerve damage and scarring.[6] He also alleges that Esposito pleaded guilty to assault.[7]

At the time of the assault, Esposito was covered by a homeowner's policy issued by Unitrin. Unitrin is defending Esposito in the state court action pursuant to a reservation of rights.[8] We must decide whether Unitrin has a duty to defend and indemnify Esposito in the state court action. In other words, we must determine whether any of the claims in the complaint are potentially covered by the policy.

### Standard of Review

The interpretation of an insurance contract is a question of law. *Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 320 (3d Cir. 2011). Whether a claim is within a policy's coverage or is barred by an exclusion may be determined on a motion for judgment on the pleadings. *Allstate Fire & Cas. Ins. Co. v. Hymes*, 29 A.3d 1169, 1171 (Pa. Super. 2011).

In deciding a motion for judgment on the pleadings made pursuant to Rule 12(c), the court considers the facts alleged in the pleadings and documents attached as exhibits or incorporated by reference in the pleadings. *See* Fed. R. Civ. P. 10(c); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007); *cf. Steinhardt Grp. Inc. v. Citicorp*, 126 F.3d

---

3. Compl. (Doc. No. 1) ¶ 4; Compl. Ex. B (2d Am. Compl., C.P. Ct. Phila. Cty.) (Doc. No. 1–3) ¶ 7. The underlying action has since been transferred to the Court of Common Pleas of Delaware County. Compl. ¶ 5.

4. Compl. Ex. B ¶ 7.

5. *Id.*

6. *Id.* ¶ 15(a).

7. *Id.* ¶ 8; *see also* Answer ¶ 10. Neither party has addressed the preclusive effect, if any, of Esposito's guilty plea to assault. The issue implicates questions of the statutory definition of the crime of assault; whether it is a divisible statute providing for conviction predicated on either intentional, knowing or reckless conduct; and whether Esposito's guilty plea precludes him from now asserting a justification defense. Because the parties did not raise the issue, we shall refrain from considering it.

8. Compl. Ex. C, Letter to Michael Esposito from Linda Martorella, Litigation Examiner II, Unitrin Direct Ins. Co., March 14, 2016 (Doc. No. 1–4), at ECF 5–6.

144, 145 & n.1 (3d Cir. 1997) (in Rule 12(b)(6) context). All the well-pleaded factual assertions in the nonmovant's pleadings are accepted as true and all contrary allegations in the movant's pleadings are assumed to be false. 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed., Apr. 2016) (citing *Allah v. Al–Hafeez*, 226 F.3d 247, 249–50 (3d Cir. 2000)).

The movant must establish that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988); *Shelly v. Johns–Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986). The motion can be granted only if the nonmovant cannot prevail under any set of facts. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

Applying these principles, we examine the insurance policy and the allegations in the state court complaint. Because we are deciding a motion for judgment on the pleadings, we also consider Unitrin's complaint and Esposito's answer in this case.

**Interpretation of Insurance Contracts**

■ A court must give effect to the plain language of the insurance contract read in its entirety. *Am. Auto. Ins. Co.*, 658 F.3d at 320. When the language is plain and unambiguous, the court is bound by that language. *Pa. Nat'l Mut. Cas. Ins. Co. v. St. John*, 630 Pa. 1, 106 A.3d 1, 14 (2014). When the policy language is ambiguous, the provision is construed in favor of the insured. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673–74 (3d Cir. 2016); *Pa. Nat'l*, 106 A.3d at 14. Contract language is ambiguous if it is reasonably capable of more than one meaning. *Pa. Nat'l*, 106 A.3d at 14. However, policy language may not be stretched beyond its plain meaning to create an ambiguity. *Meyer v.*

*CUNA Mut. Ins. Soc.*, 648 F.3d 154, 164 (3d Cir. 2011); *Trizechahn Gateway LLC v. Titus*, 601 Pa. 637, 976 A.2d 474, 483 (2009).

■ Where the insurer relies on a policy exclusion as the basis for denying coverage, it has the burden of proving that the exclusion applies. *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009); *Wolfe v. Ross*, 115 A.3d 880, 884 (Pa. Super. 2015). Policy exclusions are strictly construed against the insurer. *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 206–07 (3d Cir. 2001); *Mut. Benefit Ins. Co. v. Politsopoulos*, 631 Pa. 628, 115 A.3d 844, 852 n.6 (2015) (citing *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 106 (1999)); *Peters v. Nat'l Interstate Ins. Co.*, 108 A.3d 38, 43 (Pa. Super. 2014).

**Duty to Defend**

■ An insurance carrier's duty to defend is distinct from its duty to indemnify. It is interpreted more broadly than the duty to indemnify. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 589 Pa. 317, 908 A.2d 888, 896 n.7 (2006). An insurer may have a duty to defend even though it may have no duty to indemnify. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). A duty to indemnify does not arise until the insured is found liable for a covered claim. *Id.*

■ Because the duty to defend is broader than the duty to indemnify, the complaint in the underlying action must be construed liberally. The factual allegations must be accepted as true, and all doubts as to coverage resolved in favor of the insured. *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 669 (Pa. Super. 1997). To prevent artful pleading designed to avoid policy exclusions, it is

necessary to look at the factual allegations in the complaint, not how the plaintiff in the underlying action frames the request for relief. *Kvaerner Metals*, 908 A.2d at 893; *Mut. Benefit Ins. Co. v. Haver*, 555 Pa. 534, 725 A.2d 743, 745 (1999). In other words, the focus of the coverage inquiry is on the substance, not the form, of the allegations.

■■■■ An insurer is obligated to defend the insured against any suit arising under the policy "even if the suit is groundless, false, or fraudulent." *Britamco Underwriters, Inc. v. Weiner*, 431 Pa.Super. 276, 636 A.2d 649, 651 (1994) (quoting *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 410 Pa. 55, 188 A.2d 320, 321 (1963)). Consequently, whenever the complaint sets forth facts raising claims that could possibly come within the policy's coverage, the insurer's duty to defend is triggered. *Erie Ins. Exch. v. Muff*, 851 A.2d 919, 931 (Pa. Super. 2004); *Belser v. Rockwood Cas. Ins. Co.*, 791 A.2d 1216, 1219, 1222 (Pa. Super. 2002). If a single claim in a multiple-claim complaint is potentially covered, the duty to defend attaches until the underlying plaintiff can no longer recover on a covered claim. *Frog, Switch & Mfg. Co.*, 193 F.3d at 746; *Am. Contract Bridge League v. Nationwide Mut. Fire Ins. Co.*, 752 F.2d 71, 75 (3d Cir. 1985).

## Analysis

The policy assures that Unitrin will "[p]ay up to our limit of liability for the damages" resulting from a claim or suit "brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies." [9] The policy defines "occurrence" as an "accident" resulting in bodily injury or property damage.[10] "Accident" is not defined in the policy.

■■■■ Undefined terms of common usage in an insurance policy must be construed according to their plain meaning and a dictionary may inform an understanding of the terms. *Ramara*, 814 F.3d at 666–67 (quoting *Am. Auto. Ins. Co.*, 658 F.3d at 320); *Wall Rose Mut. Ins. Co. v. Manross*, 939 A.2d 958, 962 (Pa. Super. 2007) (quoting *Am. Auto. Ins. Co.*, 658 F.3d at 320). The dictionary definition of an "accident" is "an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but for which legal relief may be sought." Webster's Third New International Dictionary, Unabridged (2017).

Unitrin contends it has no obligation to defend and to indemnify Esposito because the bodily injury alleged in the underlying action does not arise from an occurrence or accident, but from an intentional act. Unitrin argues that because Esposito pleaded guilty to assault, his actions causing bodily injury do not qualify as an occurrence under the policy.

Certainly, if Anderson has a negligence claim against Esposito, Unitrin will have to defend and indemnify Esposito. However, there is no allegation in the underlying action that Esposito acted negligently.

■■■■ Although the state court complaint names Esposito as a defendant in the negligence count, it is neither dispositive nor determinative of whether the incident is covered. The factual allegations of the underlying complaint are controlling, not the legal theories asserted. *Erie Ins.*

9. Compl. Ex. A, Unitrin Homeowner's Insurance Policy for Michael & Debra A. Esposito, Section II, Coverage E—Personal Liability (Doc. No. 1–2) ¶¶ A–A.1, at ECF 5.

10. *Id.*, Definitions (Doc. No. 1) ¶ 8, at ECF 12. Bodily injury includes "bodily harm, sickness or disease, including required care, loss of services and death that results." *Id.* ¶ 2, at ECF 11.

*Exch. v. Fidler*, 808 A.2d 587, 590 (Pa. Super. 2002) (citing *Mut. Benefit Ins. Co. v. Haver*, 555 Pa. 534, 725 A.2d 743, 745 (1999)). There is nothing in the negligence count which, if proven, could establish that Anderson's injuries resulted from Esposito's negligence. The only allegation relating to Esposito in the negligence count is his assaulting Anderson. The remaining allegations in that count relate to The Deck's failure to provide adequate security and surveillance.

 Neither Anderson nor Esposito allege that Esposito's contact with Anderson was accidental. Instead, Esposito characterizes his contact with Anderson as an altercation, which required him to defend himself and his wife.[11] In essence, he does not deny striking Anderson. Thus, because Anderson alleges in his complaint that Esposito acted intentionally and not accidentally, there is no occurrence triggering personal liability coverage. *See Allstate Ins. Co. v. Kenney*, No. 02-02387, 2003 WL 22316776, at *4 (E.D. Pa. Oct. 8, 2003) (citing *Nationwide Mut. Fire Ins. Co. v. Pipher*, 140 F.3d 222, 226 (3d Cir. 1998); *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 519 Pa. 306, 548 A.2d 246, 246–47 (1988)); *Kvaerner Metals*, 908 A.2d at 898–99.

Although there was no occurrence as defined under the policy, the coverage inquiry does not end. Another policy provision suggests there is coverage. It is the exclusion for Expected or Intended Injury relied upon by Unitrin.

Unitrin argues that because Esposito's actions were "expected or intended," it has no duty to defend or indemnify him because he is responsible for the natural and obvious consequences of his intentional acts.[12] Under Exclusion E.1, the policy excludes coverage for bodily injury that is expected or intended by the insured:

E. Coverage E—Personal Liability And Coverage F—Medical Payments to Others

Coverages E and F do not apply to the following:

1. Expected Or Intended Injury

 "Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":

 a. Is of a different kind, quality or degree than initially expected or intended; or

 b. Is sustained by a different person, entity or property than initially expected or intended.

 However, this Exclusion E.1 does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property.[13]

 When read in context of the policy as a whole, the language of Exclusion E.1 creates an ambiguity. *Stidham v. Millvale Sportsmen's Club*, 421 Pa.Super. 548, 618 A.2d 945, 953 (1992) (citing *United Servs. Auto. Ass'n v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982, 989 (1986) (holding that the expected or intended clause is ambiguous as a matter of law and must be construed against the insurer)). The qualifying language in the exclusion stating that it does not apply if the bodily injury results from the use of reasonable force to protect persons conflicts with the policy's definition of an occurrence. Self-defense or the defense of another is an intentional act, not an accidental act falling within the definition

---

11. Answer (Doc. No. 3) ¶ 4.

12. Br. in Supp. of Mot. for J. on the Pleadings (Doc. No. 9-2) at 17.

13. Compl. Ex. A, Section II—Exclusions, Coverage E—Personal Liability (Doc. No. 1-2) ¶¶ E.1–E.1.b, at ECF 7.

of an occurrence. Yet, it is covered. In effect, the qualifying language creates an exception to the exclusion, affording coverage for bodily injury resulting from an insured's use of reasonable force in self-defense or the defense of others. Therefore, in construing the exclusion against Unitrin, as we must, we conclude that the policy provides coverage for an insured who causes bodily injury while using reasonable force to protect persons, including himself and others. *See Cosenza*, 258 F.3d at 206–07; *Politsopoulos*, 115 A.3d at 852; *Peters*, 108 A.3d at 43.

In his answer to Unitrin's complaint, Esposito claims that he acted in defense of himself and his wife.[14] It is disputed whether Esposito acted in defense of himself and his wife, or acted "without provocation" to carry out an "unjustified assault."[15] If Esposito proves in the underlying action that he used reasonable force to protect himself and his wife from Anderson, his conduct is covered. If he fails to prove that the force was reasonable or was in self-defense, his conduct is not covered.

Because the underlying complaint alleges conduct that may fall within the scope of the policy, Unitrin is obligated to defend Esposito unless and until the claim "is confined to a recovery the policy does not cover." *QBE Ins. Corp. v. M & S Landis Corp.*, 915 A.2d 1222, 1225 (Pa. Super. 2007) (quoting *Erie Ins. Exch.*, 808 A.2d at 590). At this point, we cannot conclude whether Esposito's conduct falls within the Expected or Intended Injury Exclusion or the exception to the exclusion. Thus, by the terms of the policy, Unitrin must defend Esposito in the underlying state action. *Donegal Mut. Ins. Co. v. Ferrara*, 380

Pa.Super. 588, 552 A.2d 699, 701 (1989) ("If the factual allegations of the complaint on its face states a claim to which the policy *potentially* applies, the insurer must defend." (emphasis in original)) (citations omitted).

The duty to indemnify arises only when the insured is found liable for damages for claims falling within the policy's coverage. *State Farm Fire & Cas. Co. v. Corry*, 324 F.Supp.2d 666, 673 (E.D. Pa. 2004). There does not appear to be any outcome in the underlying action where a duty to indemnify will arise. If the jury finds that Esposito did not act in self-defense or in defense of his wife, Unitrin will have no duty to indemnify him. If he is not found liable, there will be no need to indemnify him.

### Conclusion

The complaint and the answer raise a disputed issue—whether Esposito used reasonable force to protect himself or his wife. In light of this dispute, we cannot conclude, as a matter of law, whether the exception for defense of persons to the Intended or Expected Injury Exclusion applies or not. Thus, we shall deny Unitrin's motion for judgment on the pleadings to the extent it seeks a declaration that it need not defend Esposito.

---

14. Answer (Doc. No. 3) ¶ 4.

15. Compl. Ex. B ¶ 7, 13(f).