598 A.2d 997

**SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION, a Corporation, now known as Landmark Savings Association, a Corporation, Appellee,**

v.

**Raymond R. BRENNAN and Roberta L. Brennan, His Wife, Appellants.**

Superior Court of Pennsylvania.

Argued July 31, 1991.

Filed Sept. 24, 1991.

Reargument Denied Dec. 5, 1991.

582

Frank W. Ittel, Jr., Pittsburgh, for appellants.

Edward T. Harvey, Pittsburgh, for appellee.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from the summary judgment entered in the Court of Common Pleas of Allegheny County for an action in mortgage foreclosure. Appellants claim that the trial court erred in granting the motion for summary judgment for two reasons: (1) the trial court misinterpreted the notice clause in the contract, and (2) the trial court did not address the question of whether notice was actually given. We find that although the trial court misinterpreted the notice clause, appellee did provide sufficient notice. Accordingly, we affirm the summary judgment.

The relevant facts of the case are: Appellee, Landmark Savings Association (hereinafter "Landmark"), loaned $51,400.00 to appellant and his wife (hereinafter "appellants"). As security for the debt, appellants gave Landmark a mortgage on land on which a residence was built. Upon appellants' default, Landmark filed a complaint in mortgage foreclosure, alleging that appellants were sent notice of Landmark's intent to foreclose. Following appellants' answer to the complaint, Landmark filed a motion for summary judgment. Appellants' reply to the motion for summary judgment challenged the sufficiency of Landmark's notice of intention to foreclose. The Honorable Judge Leonard C. Staisey denied the motion for summary judgment following oral argument on February 18, 1987, and granted appellants the opportunity to cure the default on their mortgage. Landmark refiled a motion for summary judgment on April 24, 1987, following appellants' failure to cure the default. Landmark again stated that it sent appellants notice of intention to foreclose. Judge Livingstone Johnson granted Landmark's motion for partial summary judgment on the issue of liability, finding that Landmark was not required to send notice to appellants since appellants' mortgage was not a residential mortgage as defined by 41 P.S. § 101, and scheduled the case for trial on the issue of damages. At trial, Judge Maurice Louik entered a verdict in Landmark's favor in the amount of $74,379.22. Appellants filed post-verdict motions alleging the error of

the partial summary judgment. Post-verdict motions were denied. This timely appeal followed.

Appellants assert that the trial court erred in granting partial summary judgment on the issue of liability. Appellants argue that Landmark had a contractual obligation to provide appellants with adequate notice of their intent to foreclose on the mortgage, and that the court should not have considered 41 P.S. § 101, *et seq.*, in making the determination that Landmark did not have to provide notice.

■ When the Superior Court reviews an order granting summary judgment, our function is to determine whether issues of triable fact exist. *Zackhery By and Through Young v. Crystal Cave Co., Inc.*, 391 Pa.Super. 471, 571 A.2d 464 (1990). This Court examines the record in the light most favorable to the non-moving party, and we will not disturb the trial court's decision absent an abuse of discretion or an error of law. *Mutual Ben. Ins. Co. v. Goschenhoppen Mut. Ins. Co.*, 392 Pa.Super. 363, 572 A.2d 1275 (1990). Appellants contend that the trial court erred in concluding that notice was not required and that no triable factual issues existed.

The dispute over Landmark's duty to send notice arises from the interpretation of Clause 18 in the mortgage, which states:

> Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to Borrower *as provided by applicable law* ...

(R.R. at 25a) (emphasis added). The trial court found that this clause did not require Landmark to provide notice since there was no applicable law under which notice was mandated. At the time that the contract was drafted, the only law requiring written notice by a mortgagee prior to foreclosure was the Act of January 30, 1974, P.L. 13, No. 6, Section 403 (Act No. 6).[1] Act No. 6 mandates notification before fore-

1. 41 P.S. § 403.

closure on residential mortgages. 41 P.S. § 101 defines residential mortgages as obligations of $50,000.00 or less. Landmark and the trial court state that since appellants' mortgage was for a greater amount ($51,400.00), the law did not require Landmark to send notice before beginning foreclosure proceedings. The trial court, in granting summary judgment, emphasized that the contract called for notice "as provided by applicable law," and that the parties were agreeing to be "dependant on the ongoing state of developing law" and to "incorporate legal protection which might become available during the life of the loan." (Opinion at 9.) The court erred in making this determination.

 A mortgage is a formal document of specific character and it should be strictly construed. *Western Pa. National Bank v. People's Union Bank and Trust Co.,* 439 Pa. 304, 306–307, 266 A.2d 773, 775 (1970). A mortgage agreement, as a contract, must be interpreted as a whole. *Pines Plaza Bowling Inc. v. Rossview, Inc.,* 394 Pa. 124, 145 A.2d 672, 676 (1958). One part of a contract cannot be interpreted so as to annul another part of the contract. *Shehadi v. Northeastern National Bank of PA,* 474 Pa. 232, 378 A.2d 304 (1977). A contract must be construed, if at all possible, to give effect to all of its terms. *Cerceo v. DeMarco,* 391 Pa. 157, 161–162, 137 A.2d 296, 298 (1958) (citations omitted). Additionally, a contract's terms, if ambiguous, are construed against the drafter. *Central Transportation, Inc. v. Bd. of Assessment Appeals of Cambria County,* 490 Pa. 486, 496–497, 417 A.2d 144, 149 (1980) (citations omitted).

Noting the above principles of contract construction, we find that the trial court erred in isolating the phrase "as provided by applicable law" when reaching its determination that notice was not mandated. The court's construction nullifies Clause 18 and any other clauses relating to the debtor's rights in a default proceeding. Appellants argue that the phrase "as provided by applicable law" relates to the manner and form of notice, not to whether notice is statutorily mandated. Appellants state:

The emphasized words describe the manner in which notice is to be mailed by the lender to the borrower; they do not limit the requirement of notice to only those cases where the same is independently mandated by statute. If the latter were true, the scrivener of the instrument would have made it clear that notice of acceleration and foreclosure were necessary only *when required* by applicable law.

(Appellants' brief at 13.) Landmark, as the drafter of the agreement, raised the expectation that appellants would receive notice. If Landmark did not intend to provide notice except where mandated by law, the clause should not have appeared in the document. Landmark's argument renders the clause superfluous. If a law required notice, the lender would be obligated to provide notice regardless of the contractual terms. We find it unlikely that the lender would insert a notice clause that had no effect if "applicable law" did not mandate notice, and which was superfluous if "applicable law" mandated notice.

Appellants' argument is consistent with the entire document. In fact, Clause 14 states:

*Notice.* Except for any notice required *under applicable law to be given in another manner,* (a) any notice to Borrower provided for in this Mortgages shall be given by mailing such notice by certified mail . . .

(R.R. at 25a) (emphasis added). This clause can be read consistently with Clause 18. Clause 18 says that the lender shall mail notice to borrower as provided by applicable law. If any applicable law had stated that notice could be sent other than by certified mail, it would control. In the absence of an applicable law, clause 14 mandated notice by certified mail. This interpretation gives effect to the entire contract.

The trial court's interpretation that the contract provision anticipates future developments in law was in error. The Contracts Clause of both the United States and Pennsylvania Constitutions protects contracts freely arrived at by the contracting parties from subsequent legislative

impairment or abridgment. *First National Bank of PA v. Flanagan*, 515 Pa. 263, 268–269, 528 A.2d 134, 137 (1987), *citing Beaver County Building and Loan Association v. Winowich*, 323 Pa. 483, 492–494, 187 A. 481, 485–486 (1936). A later law cannot abridge rights under a prior contract. Only the substantive laws that are in effect when the parties enter into a contract are implicitly incorporated into it. *First National Bank of PA v. Flanagan, supra*, 515 Pa. at 268–269, 528 A.2d at 137. Since the mortgage agreement is a standard form, different laws could be in effect when other parties enter into a mortgage agreement and use the form. The contract specifically accounts for these changes in law as they relate to each separate mortgage agreement. The law in effect at the time that the instant parties contracted, however, is the law which controls the contract. The contract creates the impression that notice will be given, and that the manner of giving notice will be by certified mail unless applicable law stipulates another manner. We find that a notice requirement was contractually agreed upon.

Even though we agree with appellants that notice was required, this issue does not merit relief. An appellate court can affirm a court order if it is correct for any reason, regardless of the reason relied upon by the lower court. *Gwinn v. Kane*, 465 Pa. 269, 348 A.2d 900 (1975). Accordingly, we now affirm the summary judgment due to Landmark's compliance with the notice requirement. A thorough review of the record reveals that Landmark complied with the notice requirement and appellants repeatedly chose to ignore Landmark's efforts. Appellants have not made mortgage payments since December 11, 1984. (Complaint at 2.) The record reveals that Landmark made an attempt to deliver notice to appellants by certified mail in a letter dated April 2, 1985, as required by the contract. Landmark also sent notice by regular mail. Landmark fully complied with the notice requirements when they sent notice to appellants' known address by certified mail. Actual receipt is not an essential element to

fulfill the notice requirement, especially when the facts indicate that appellants deliberately refused receipt. Since the facts presented in the pleadings, answers to interrogatories, and other evidence presented show that notice was required and that Landmark complied with the notice requirement, no genuine issue of material fact existed and summary judgment was proper. *Garcia v. Savage*, 402 Pa.Super. 324, 586 A.2d 1375 (1991). Accordingly, we affirm the summary judgment.

Judgment affirmed.