## Nationwide Mutual Fire Insurance Company v. Deresky

92

*Edward J. McKarski,* for plaintiff.
*Stephen M. Mowrey,* for defendants Deresky.
*Kenneth Paul Hilliard,* pro se.

CHESLOCK, *J.,* July 3, 2006—This matter comes before the court on plaintiff, Nationwide Mutual Fire Insurance Company's motion for summary judgment. This matter arises from a complaint filed in a separate action at 9123 Civil 2004 (civil complaint) by the defendant, Marie Deresky, individually and as parent and natural guardian of minor, J.M.D., against the defendant, Kenneth Paul Hilliard, for damages due to Hilliard's alleged sexual activity with the defendant, J.M.D. (Daughter) and to the exposure of Daughter to sexually explicit materials and/or films. The civil complaint was filed by Marie Deresky (Mother) which alleged that Hilliard engaged in unwanted sexual activity with the

Daughter in excess of 300 times at various locations including 191 Stony Hollow Drive, Winona Lakes, Bushkill, Pike County, Pennsylvania (Lower Lakeview) and 148 Leisure Lands in East Stroudsburg, Monroe County, Pennsylvania. After a criminal investigation by the Monroe County District Attorney's office, Hilliard was arrested. On September 10, 2004, following a trial by jury, Hilliard was found guilty of rape by forcible compulsion (two counts), rape of a child (two counts), involuntary deviate sexual intercourse by forcible compulsion (two counts), involuntary deviate sexual intercourse of a child less than 16 years of age (two counts), statutory sexual assault (two counts), aggravated assault, indecent assault without consent (two counts), aggravated indecent assault by forcible compulsion (two counts), aggravated indecent assault on a child less than 13 years of age (two counts), aggravated indecent assault on a child less than 16 years of age (two counts) and corruption of minors. Hilliard was thereafter sentenced to not less than 12 and one-half years nor more than 25 years in a state correctional institute. On June 22, 2005, Hilliard filed a notice of appeal with the Superior Court. As of the date of this opinion, the Pennsylvania Superior Court has not entered a ruling or an order regarding the disposition of Hilliard's appeal. Thereafter on December 4, 2005, Mother and Daughter filed a civil complaint containing five counts against Hilliard. The first count is an action by Mother as the natural guardian of Daughter against Hilliard and the second cause of action is a count by Mother individually against Hilliard. The third cause of action is a negligence count by Mother as natural guardian of Daughter against Hilliard. The fourth cause

of action is a negligence count by Mother individually against Hilliard and the final cause of action is by Mother individually for negligent infliction of emotional distress. On April 7, 2005, plaintiff filed an action for declaratory judgment against Mother, Daughter and Hilliard, which was subsequently amended March 28, 2006, to include both the Lower Lakeview and Leisure Lands properties. The action requests judgment from the court in the form of a decree declaring that Nationwide has no duty to defend or indemnify Hilliard for the cause of action asserted by Mother or Daughter. Plaintiff asserts that no coverage exists for the claims set forth in the civil complaint. On March 29, 2006, the plaintiff filed a motion for summary judgment. Following submission of briefs and oral argument on June 5, 2006, plaintiff's motion for summary judgment is now before the court for disposition.

Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides that a motion for summary judgment may be granted:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to

the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Summary judgment is a means to eliminate the waste of time and resources of litigants in a case where the trial would be a useless formality. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 691 (1989). "In a declaratory judgment action, just as in civil actions generally, summary judgment may be granted only in those cases in which the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits, clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *School District of the City of Monessen v. Farnham & PFile Co. Inc.,* 878 A.2d 142, 147 (Pa. Commw. 2005). (citations omitted) Furthermore, a motion for summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt, with any existing doubt viewed in the light most favorable to the nonmoving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992). Moreover, a nonmoving party may not rest upon mere allegations or denials of the pleadings. Rather, the nonmoving party must set forth specific facts demonstrating that there are genuine issues for trial. Failure to allege such specific facts will result in summary judgment, if appropriate, against the nonmoving party. Pa.R.C.P. 1035.3; *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986); *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989).

Instantly, the plaintiff's action for declaratory judgment asserts that it has no duty to defend or indemnify

Hilliard under both of the Leisure Lands and the Lower Lakeview policy since all of the injuries allegedly suffered by Mother and Daughter were caused by the intentional acts of the named insured. Plaintiff also asserts that Mother and Daughter resided in the same household as the named insured (Hilliard) and that although the civil complaint asserts negligence on the part of Hilliard, the acts committed by Hilliard of sexual molestation do not trigger coverage for torts which are intentional as a matter of law. Plaintiff argues that the language of the policy excludes coverage for the defense or indemnification of Hilliard in the civil complaint by Mother and Daughter. It asserts that no genuine issue or issues of material fact which would tend to establish the actions of Hilliard as complained of in the civil complaint were accidental. Therefore, plaintiff argues that it is entitled to summary judgment as a matter of law in this matter.

The standard to be applied in reviewing coverage questions arising under insurance contracts are well settled. In Pennsylvania, the proper construction of an insurance policy is a matter of law which the court may properly resolve when ruling on a summary judgment motion. *Acceptance Insurance Company v. Seybert,* 757 A.2d 380, 382 (Pa. Super. 2000). Although an insurer is not required to defend an insured in every claim brought against it, an insurer must defend any suit in which there is actual or potential coverage. *Id.* at 382. The interpretation of an insurance policy is a question of law for the court to determine. *Id.* (citing *Curbee Ltd. t/a Black Angus Inn v. Rhubart,* 406 Pa. Super. 505, 509, 594 A.2d 733, 735 (1991). "The proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured. . . . In determining the reason-

able expectation of the insured, the courts must examine the totality of the insurance transaction involved." *Hertz Corp. v. Smith,* 441 Pa. Super. 575, 578, 657 A.2d 1316, 1317 (1995). (citations omitted) In interpreting an insurance policy, we must determine the parties' intent as manifested by the language of the written agreement. *Allstate Insurance Company v. Callaghan,* (2006 W.L. 162, 6651 (M.D. Pa.)). While an ambiguous policy is to be construed in favor of the insured and against the insurer, where the language of the contract is clear and unambiguous, we must give effect to that language to give the words their natural meaning. *Id.; Acceptance Insurance Company,* 757 A.2d at 382. In addition, Pennsylvania law requires an insurer to act with the utmost good faith towards its insured and it should accord the interest of the insured the same faithful consideration it gives its own interest. *Williams v. Hartford Insurance Co.,* 83 F. Supp.2d 567 (E.D. Pa. 2000).

In both the Leisure Lands policy and the Lower Lakeview policy, the plaintiff issued an Elite 2 Homeowners Policy at no. 58-37-HO-814583 and 58-37-HO-88635 respectively. The relevant portions of the definition, liability coverage and exclusions are as follows:

"*Definitions*

"'You' and 'your' refer to the named insured shown in this policy, and the spouse who lives in the same household.

"'We', 'us', and 'our' refer to the company. Certain words and phrases are defined as follows:

"(1) *'Bodily injury'* means bodily harm, sickness or disease, including resulting care, loss of services and death. . . .

"(3) *'Insured'* means you and the following who live in your household: (a) your relatives. (b) any other person under age 21 and in the care of you or your relatives.

"(4) *'Insured location'* means: (a) the *residence premises . . .*

"(8) *'Residence premises'* means the one- or two-family dwelling, other structures and grounds; or that part of any other building where you live, shown as the *residence premises* on the declarations.

"(9) *'Occurrence'* means bodily injury or property damage resulting from: (a) one accident; or (b) continuous or repeated exposure to the same general condition.
. . .

"*Section II—Liability coverages*

"*Coverage E—Personal liability*

"We will pay damages the *insured* is legally obligated to pay due to an *occurrence. . . .*

"*Coverage F—Medical payments to others*

"We will pay the necessary medical and funeral expenses incurred within three years after an accident causing bodily injury. This coverage does not apply to you. It does not apply to regular residents of your household. It does apply to residence employees. . . .

"*Section II—Exclusions*

"(1) *Coverage E—Personal liability, and Coverage F—Medical payments to others* do not apply to *bodily injury* or *property damage:*

"(a) by an act intending to cause harm done by or at the direction of any *insured.*

"This exclusion does not apply to corporal punishment of pupils.[2]

---

"2 This provision (Section II-I. Coverage E (a)) which is set forth in Amendatory Endorsement "Fire 3712" (attached to the Lower Lakeview/Leisure Lands policy) previously stated as follows:

"(a) which is expected or intended by the *insured.*

"This exclusion does not apply to corporation punishment of pupils."

In its motion for summary judgment, plaintiff contends that as a matter of law, it is not required to defend or indemnify Hilliard under this action due to the exclusion of coverage by an intentional act by the insured. In this respect, the plaintiff alleges that the doctrine of the inferred intent applies in cases concerning the sexual molestation of children by an insured. *Wiley v. State Farm Insurance and Casualty Co.,* 995 F.2d 457 (3d Cir. 1993). The Inferred Intent Rule to harm is an irrefutable presumption in which it is held that harm to children in sexual molestation cases is inherent in the very act of sexual assault committed on a child regardless of the motivation for, or nature of, such assault, and that the resulting injuries as a matter of law are intentional. *Id.* We agree with the Third Circuit that sexual abuse and/or molestation of a child by a mature adult is, as a matter of law, intentional regardless of the motivation for, or nature of, such assault. The civil complaint against Hilliard avers two counts of battery for the sexual assault of Daughter. Although Mother and Daughter contend that Hilliard's testimony at his criminal trial on September 10, 2004, indicates that he did not specifically intend

to harm Daughter and, to the contrary, claims that the sexual activity was consensual, we find that Pennsylvania has adopted the Inferred Intent Rule and as such the resulting injuries are, as a matter of law, intentional. As such, we find that plaintiff has no legal duty to defend or indemnify Hilliard in the civil complaint action.

Next, Mother and Daughter contend that their civil complaint sets forth on its face an action in negligence against Hilliard for exposing Daughter to sexually explicit material. They allege that the civil complaint on its face has pled sufficient facts to support an occurrence under the terms of the policy. In reviewing the civil complaint filed against Hilliard, we find that the negligence count against him states that Hilliard engaged in sexual activity with minor and exposed minor (Daughter) to sexually explicit materials and films. In Pennsylvania, it is the insurer's duty to defend the insured by determination of the factual allegations of the underlying complaint. *Erie Insurance Exchange v. Fidler,* 808 A.2d 587 (Pa. Super. 2002). It is the insurer's obligation to defend the factual allegations state of claim which would actually or potentially fall within the policy's coverage. *American States Insurance Company v. Maryland Casualty Company,* 427 Pa. Super. 170, 628 A.2d 880 (1993). Accordingly, we must determine, by an interpretation of the insurance policy, including the reasonable expectation of the insured, whether the complaint alleges an injury which may be within the scope of the policy requiring the insurer to defend and potentially indemnify for the cause of action. *Erie Insurance Exchange v. Fidler, supra.* Plaintiff argues that the policy's exclusions encompass the underlying civil complaint, accordingly the plaintiff bears the burden of demonstrating the poli-

cy's exclusion and where the contract is ambiguous the policies are construed against the insurer who drafted the contract. *Id.*

In this matter, the third count contained in the civil complaint against Hilliard is entitled "negligence." However, a review of the entire action clearly demonstrates intentional actions on the part of Hilliard. In paragraph 20 of the civil complaint, it states as follows: "At the time and place aforesaid, the careless, negligent and reckless acts of the defendant, Kenneth Paul Hilliard, consisted of engaging in sexual activity with minor plaintiff and exposing minor plaintiff to sexually explicit materials." Although, the complaint is couched in such terms as to avoid insurance exclusion, the factual allegations of the civil complaint sound in intentional tort and the arbitrary use of the word "negligence" will not trigger an insurer's duty to defend. *Agora Syndicate Inc. v. Levin,* 977 F. Supp. 713 (E.D. Pa. 1997). In Pennsylvania, it is well settled that public policy prohibits insurance coverage for intentional torts or criminal acts as a policy of insurance is a contract intended to protect and benefit the insured from liability resulting from unintentional conduct. *Id.* This is demonstrated in the clear and unambiguous terms of the insurance policy as set forth in Section II—Exclusions. We find that all the allegations contained in the civil complaint filed by Mother and Daughter clearly point to the affirmative action by Hilliard to sexually exploit Daughter and expose her to materials and films which were explicit and sexual in nature. We believe that read as a whole, the civil complaint clearly specifies Hilliard's acts which were overt and intentional actions. Moreover, in the January 4, 2006, deposition of Mother, she testified that

Hilliard kept pornographic materials such as photos and books in the garage and in a closet in the bedroom occupied by Mother and Hilliard. (N/T pp. 42-44.) Mother also testified that the girls did not go into the garage, including Daughter. We find that based on the totality of the civil complaint and the exclusions contained within the Leisure Lands and Lower Lakeview policies, coverage for bodily injury or property damage by an act intending to cause harm done by, or at the direction of, the insured are excluded and that the plaintiff is entitled to judgment as a matter of law. We find no genuine issues of material fact which exist which tend to establish the actions of Hilliard as complained of by Mother and Daughter in the underlying civil action which were negligent. Moreover, Mother and Daughter have failed to set forth specific facts demonstrating that there are genuine issues for trial. The allegations that Hilliard was negligent will not defeat a motion for summary judgment. We find, as a matter of law, that plaintiff is entitled to summary judgment.

The final issue involved the duty of plaintiff to defend and/or indemnify Hilliard for the negligent infliction of emotional distress. We believe that cause of action is the result of an intentional act, although it is couched on terms of a negligent act. Further, the civil complaint does not allege an injury, which for the purposes of coverage, includes bodily harm. The action encompasses claims for emotional or mental harm and is therefore excluded from coverage by the policy. Moreover, Mother and Daughter failed to set forth any authority or case law in support of their position. It has been held that all issues are waived which are not supported by citation to appropriate legal authority. *Treasure Lake Property Owners*

*Association Inc. v. Meyer,* 832 A.2d 477 (Pa. Super. 2003). Hence, we find no merit to Mother and Daughter's position in this regard.

As set forth above, we find that the plaintiff has no duty under either the Leisure Lands' policy or the Lower Lakeview policy to defend or indemnify Hilliard with respect to any and all claims contained in Mother and Daughter's civil complaint filed at no. 9123 Civil 2004. Based upon the foregoing, we enter the following:

## ORDER

And now, July 3, 2006, plaintiff Nationwide Mutual Fire Insurance Company's motion for summary judgment is granted, and it is ordered that the plaintiff has no duty to defend or indemnify defendant, Kenneth Paul Hilliard, in the action filed in the Court of Common Pleas of Monroe County at term no. 9123 Civil 2004.