**U.S. Bank Nat'l Ass'n v. Reese**

C.P. of Lawrence County, no. 10165 of 2010, C.A.

*Louis P. Vitti,* for plaintiff.
*Mark A. Krochka,* for defendant.

PICCIONE, *J.*, December 16, 2010—Before this court for disposition is plaintiff's motion for summary judgment. The current action arises from a note executed on April 17, 1986 by defendant Nancy F. Reese (hereinafter, "defendant") in consideration of a loan of $35,150.00 made by Deliwood Corporation. The loan was provided to defendant for the purchase of the property located at 3201 Evergreen Road, Pulaski, Pa. 16143. The mortgage was recorded on April 24, 1986 in the Office of the Recorder of Deeds of Lawrence County at Book No. 744 Page No. 114. U.S. Bank National Association (hereinafter, "plaintiff") ultimately acquired its interest in the mortgage by assignment from Pennsylvania Housing Finance Agency dated December 11, 2009 and recorded January 20, 2010.

On February 1, 2010, plaintiff filed a complaint in mortgage foreclosure, alleging that, since September 1, 2009, the mortgage has been in default due to the failure of defendant to make payments as provided under the terms of the mortgage. Plaintiff demands judgment for the amount due plus interest and costs, totaling $21,166.35. On February 19, 2010, defendant filed preliminary objections, claiming that she never received a notice of intent to foreclose, that plaintiff's complaint was not properly verified, and that a copy of the original note was not attached to the complaint. Shortly thereafter, plaintiff filed an amended complaint in mortgage foreclosure with a proper verification and the original note attached. On April 6, 2010, defendant responded to plaintiffs amended complaint with an answer. In her answer, defendant provides her correct mailing address, indicating that the

address plaintiff lists as defendant's address in the original complaint is not correct. Defendant also alleges that she made some, but not all, mortgage payments subsequent to September 1, 2009. Finally, defendant reasserts that plaintiff failed to provide proper notice, depriving this court of jurisdiction over this matter.

On June 1, 2010, plaintiff filed the instant motion for summary judgment as well as an affidavit from an employee of the Pennsylvania Housing Finance Agency. Upon plaintiff's request, the court issued an order advising the parties that plaintiff's motion for summary judgment will be decided on briefs without oral argument. Defendant failed to submit a brief or other response to plaintiff's motion for summary judgment.

Initially, the court will address whether plaintiff provided proper notice of its intent to foreclose, as defendant argues that the failure to do so deprives this court of jurisdiction to proceed with this matter. In her preliminary objections, defendant asserts that plaintiff failed to comply with the notice requirements of Act 6 of 1974 (41 P.S. §403) and Act 91 of 1983 (35 P.S. § 1680.402c(a)). A review of the exhibits attached to plaintiff's supporting affidavit and amended complaint reveals that plaintiff sent defendant an Act 91 notice. The Homeowners' Emergency Mortgage Assistance Act of 1983 indicates that "[t]his notice shall be in lieu of any other notice required by law." 35 P.S. § 1680.403c(b)(1). Plaintiff also sent defendant an Act 6 notice.

Defendant suggests that plaintiff mailed the notice to an incorrect address. She states in her answer that her

mailing address is P.O. Box 263, New Bedford, Pa. 16140. Although plaintiff lists defendant's address in its original complaint as 263 Evergreen Road, New Bedford, Pa. 16140, plaintiff sent notice to the P.O. Box 263 address. This is demonstrated by the exhibits attached to plaintiff's supporting affidavit, including postmarked receipts for both certified and regular mail sent to defendant at P.O. Box 263, New Bedford, Pa. 16140. Pl.'s Aff., Ex. F.

Despite plaintiff's exhibits, defendant maintains that she did not receive notice of plaintiff's intention to foreclose. While the court does not dispute this contention, it is noted that actual receipt is not essential to fulfilling the notice requirement. *Second Federal Savings and Loan Association v. Brennan*, 598 A.2d 997, 1000 (Pa. Super. 1991). Plaintiff sent notices containing the necessary information to the correct addresses. Therefore, plaintiff complied with the notice requirements.

In addition to the issue of notice, defendant's answer contains two other points not included in plaintiff's complaints. First, defendant submits that some mortgage payments were made subsequent to September 1, 2009. Second, defendant claims that she is without knowledge to form a belief as to the correctness of the amount plaintiff claims is due. Plaintiff argues that these claims should not preclude entry of summary judgment.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may

move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2.

The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). "In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Toy v. Metropolitan Life ins. Co.*, 593 Pa. 20, 34, 928 A.2d 186, 194-95 (Pa. 2007). Rule 1035.3 provides, however, that when confronted by a motion for summary judgment, "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion[.]" Pa.R.C.P. 1035.3(a). In a mortgage foreclosure action, entry of summary judgment is appropriate where mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the

specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998) (citing *Landau v. Western Pennsylvania Nat. Bank*, 445 Pa. 217, 225, 282 A.2d 335, 340 (Pa. 1971)).

Defendant has admitted that the mortgage is in default. She states in her answer that "not all payments were made." Def.'s Answer, at 2. Furthermore, plaintiff's supporting affidavit contains defendant's payment history, which indicates that, since June 1, 2009, defendant has failed to tender sufficient funds to cure her default completely. Pl.'s Aff., Ex. D. Although defendant made payments subsequent to September 1, 2009, she has also missed payments and remains in default. Because defendant does not dispute these allegations, the court concludes that defendant admits that she is in default.

Defendant also states in her answer that she is without knowledge to form a belief as to the accuracy of the amount plaintiff claims is due. In a mortgage foreclosure action, the mortgagors and mortgagee are the only parties with sufficient knowledge to base a specific denial. *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987). "[G]eneral denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts." *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995). Therefore, defendant's general denial of the specific amount claimed by plaintiff will operate as an admission. Since defendant admits all of the other allegations in plaintiff's complaints, there exists an absence of any genuine issue of material fact and plaintiff

is entitled to judgment as a matter of law. Therefore, plaintiff's motion for summary judgment is granted.

## ORDER OF COURT

And now, December 16, 2010, the court having received plaintiff's motion for summary judgment and brief in support thereof, with Louis P. Vitti, Esquire, representing the plaintiff U.S. Bank National Association, and Mark A. Krochka, Esquire, representing the defendant Nancy F. Reese, it is hereby ordered and decreed as follows:

1.  Plaintiff's motion for summary judgment is granted pursuant to the attached opinion.

2.  The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.