J-S64031-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF GREENE COUNTY, A CORPORATION | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : : : : | |
| v. | : : : : | |
| JOHN M. ZEGLEN AND DIANE L. ZEGLEN, HIS WIFE AND UNITED STATES OF AMERICA | : : : : : : | No. 651 WDA 2019 |
| APPEAL OF: JOHN M. ZEGLEN AND DIANE L. ZEGLEN, HIS WIFE | : : | |

Appeal from the Order Entered April 4, 2019
In the Court of Common Pleas of Fayette County Civil Division at No(s):
2613 of 2017, G.D.

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    FILED JANUARY 7, 2020

The Appellants, John M. Zeglen and Diane L. Zeglen (the Zeglens), appeal the order of the Fayette County Court of Common Pleas granting an order of summary judgment in favor of the Appellee, First Federal Savings & Loan Association of Greene County, a Corporation (FFSL). The order is affirmed.

_____

* Retired Senior Judge assigned to the Superior Court.

I.

This case arises from mortgage foreclosure proceedings. In April 2003, the Zeglens executed a mortgage with FFSL for $285,000, secured by real estate on which the Zeglens have since resided. Because they ceased making those payments in April 2017, the Zeglens were in default on their monthly mortgage payments. On July 3, 2017, as required by Pennsylvania's Emergency Mortgage Assistance Program (Act 91 of 1983, or "HEMAP"), FFSL sent both of the Zeglens an "Act 91 Notice." See FFSL's Complaint, 12/13/2017, at Paragraph 7 (Exhibits B, C and D).[1]

Receiving no timely payments to cure the default, on December 13, 2017, FFSL filed a foreclosure complaint. See id. The case docket reflects that after two reinstatements, the Zeglens were served with the complaint on March 23, 2018.

The Zeglens filed two motions to stay the proceedings, both of which were denied. They then filed preliminary objections on May 30, 2018, and

_____

[1] HEMAP is a state program codified at 35 P.S. §§ 1680.401c-412c (Act 91). "The purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished." Fish v. Penn. Hous. Fin. Agency, 931 A.2d 764, 767 (Pa. Cmwlth. 2007). The notice requirements of HEMAP are provided at 35 P.S. §§ 1680.402c, and 403c. Additionally, under Pennsylvania's "Truth in Lending Act," a lender must detail in the notice the borrower's financial obligations and the applicable periods regarding default and the ability to cure. See 41 P.S. § 403.

FFSL filed a response in opposition. On July 17, 2018, the Zeglens responded to FFSL's response. The trial court denied the Zeglens' preliminary objections with prejudice on July 24, 2018. The trial court then ordered the Zeglens to file an answer to FFSL's complaint within 20 days from that date.

On August 13, 2018, the Zeglens filed their "Preliminary Objections and/or Alternatively Answer and New Matter," and the trial court granted FFSL's motion to strike them because Diane Zeglen had not signed the document. The Zeglens filed a nearly identical pleading on September 12, 2018. On all three occasions that the Zeglens filed preliminary objections, they raised an essentially identical claim that FFSL had failed to attach its mortgage note to its complaint. FFSL filed a reply to the Zeglens' new matter and moved to strike their preliminary objections on September 28, 2018.

The trial court held a hearing on the Zeglens' preliminary objections, answer and new matter on October 4, 2018. At that hearing, the Zeglens never objected to a lack of a briefing schedule as to their preliminary objections.

The trial court issued an opinion and order on November 9, 2018, overruling all of the Zeglens' preliminary objections. The trial court noted in the opinion that the Zeglens had repeatedly raised the same preliminary objections even after their denial with prejudice. FFSL then filed a motion for summary judgment. The Zeglens filed a response but did not argue that the pleadings were still open due to a lack of a briefing schedule on preliminary

objections. After holding a hearing, the trial court granted FFSL's summary judgment motion. The Zeglens timely appealed and both they and the trial court complied with Pa.R.A.P. 1925.

In their brief, the Zeglens contend that the trial court abused its discretion in granting summary judgment in favor of FFSL because the pleadings were not closed when the trial court denied their preliminary objections. Id. Next, the Zeglens argue that the trial court erred in granting summary judgment because Diane Zeglen never received adequate Act 91 Notice of the foreclosure. Id.

FFSL contends that summary judgment was not premature because the Zeglens' preliminary objections were properly denied and the pleadings had closed. FFSL asserts further that the trial court ruled correctly that there existed no genuine issue of material fact as to the Zeglens' receipt of Act 91 Notice of the foreclosure proceedings.

II.

A.

We find that the order of summary judgment must be affirmed because the trial court did not commit an error of law or abuse its discretion.[2] Both issues that the Zeglens raise are procedural and neither has merit.

_____

[2] On review of an order granting summary judgment, the following standard applies:

First, the Zeglens contend that under Fayette County Rule of Civil Procedure 1028(c), the trial court's failure to set a briefing schedule and hearing after they filed their preliminary objections precluded the trial court from ruling on FFSL's motion for summary judgment. This local rule provides that when preliminary objections are filed, the trial court must set a briefing schedule and, "if deemed necessary by the court," hold "an argument date for disposition[.]" F.C.R. 1028(c).

The trial court did not err in this respect because it could decide the summary judgment motion whether or not "a briefing schedule" and hearing had been set for preliminary objections. Pa.R.C.P 1035.2 provides, in pertinent part, that "after the relevant pleadings are closed . . . any party may move for summary judgment[.]" The pleadings have closed upon the filing of the relevant pleadings in a civil action, which are limited to "a complaint and

---

Summary judgment properly is granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The scope of our review of an order granting or denying a motion for summary judgment pursuant to Rule 1035 is well established. In reviewing an order granting summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. We will reverse only if there has been an error of law or a clear abuse of discretion.

Acceptance Ins. Co. v. Seybert, 757 A.2d 380, 381 (Pa. Super. 2000) (case citations omitted).

an answer thereto; a reply if the answer contains new matter, a counterclaim or a cross-claim; a counter-reply if the reply to a counterclaim or cross-claim contains new matter; and a preliminary objection to the counterclaim or cross-claim and a response thereto." Pa.R.C.P. 1017(a) (numbering omitted). In this case, because all the defined pleadings had been filed by the time FFSL moved for summary judgment, the pleadings were closed and the entry of summary judgment was appropriate.

Regardless, the trial court complied with F.C.R. 1028(c). On May 30, 2018, the Zeglens filed preliminary objections to FFSL's complaint. As the docket shows, those earlier preliminary objections were briefed and argued by both parties to the action, and the trial court denied them with prejudice on July 24, 2018. The Zeglens again filed preliminary objections on September 12, 2018, and the trial court permitted the Zeglens to argue them at a hearing on October 4, 2018. Accordingly, the record refutes the factual basis of the Zeglens' claim that the trial court deprived them of the ability to brief and argue their preliminary objections.

B.

The Zeglens next contend that the trial court could not rule on FFSL's summary judgment motion because FFSL did not provide Act 91 Notice to Diane Zeglen as HEMAP requires. See 35 P.S. § 1680.403c(b)(1); 41 P.S. § 403.

HEMAP states generally that foreclosure is precluded until a proper "uniform notice" (Act 91 Notice) is given to the borrower. Id. 35 P.S. § 1680.402c(a).[3] An Act 91 Notice must be sent by certified mail to the mortgagee's "last known address." Id. at § 1608.403c(a). A party requiring notice under HEMAP "shall be deemed to receive notice on the third business day following the date of the mailing of the notice as documented by a certificate of mailing obtained from the United States Postal Service." Id. at § 1608.403c(e).

Once this notice is sent to the borrower, a lender may proceed with foreclosure if the borrower is unable to qualify for emergency mortgage assistance payments. Id. at § 1680.402c(b) (Foreclosure permitted upon "a determination has been made by the agency on a mortgagor's application for emergency mortgage assistance payments or the applicable time periods . . . have expired without the mortgagor applying for assistance in a timely fashion, whichever is earlier.").

The notice requirements of HEMAP are intended to educate borrowers about their statutory rights to mortgage assistance. See generally id. at § 1680.403c(b)(1). Accordingly, where a borrower has received an Act 91 Notice advising of rights under HEMAP and the borrower has already applied

_____

[3] HEMAP's notice requirements are commonly referred to as "Act 91 Notice." See Wells Fargo Bank, N.A. v. Monroe, 966 A.2d 1140 (Pa. Super. 2009).

for mortgage assistance but been denied, the lender "shall not be required to send the [Act 91 N]otice" notwithstanding any other statutory provisions. Id. at § 1680.403c(g)(2).

Here, on appeal, the Zeglens' simply assert that Diane Zeglen never received the Act 91 Notice sent on July 3, 2017, by certified mail as evidenced by the lack of her signature on the certificate of receipt. See Appellant's Brief, at 10-12. Only John Zeglen's signature appears on the return receipt of a copy sent individually to him at the Zeglen's home address and the other notice mailed to Diane Zeglen at the same address was returned to FFSL as unclaimed. See FFSL's Complaint, 12/13/2017, at Paragraph 7 (Exhibit D).

The Zeglens' allegation is not supportable because they admitted to FFSL's averment in its complaint that two Act 91 Notices were sent to them by certified mail to their home address. Attached exhibits to FFSL's complaint, therefore, establish as a matter of undisputed fact when notice was sent to Diane Zeglen (July 3, 2017), who sent it (FFSL), and when it was returned back to FFSL (July 29, 2017). See FFSL Complaint, 12/13/2017, at Paragraph 7 (Exhibits B, C and D).[4]

_____

[4] These facts distinguish the present case from the chief authority cited by the Zeglens in support of their claim of insufficient notice. JP Morgan Chase Bank v. Warner, 57 Adams 146 (December 4, 2015). In that memorandum decision of the Adams County Court of Common Pleas, the lender could not establish that it provided adequate Act 91 Notice because it had no proof of mailing. FFSL proved its mailing here.

Contrary to the Zeglen's claim, HEMAP does not require actual receipt in order to perfect notice. See generally 35 P.S. § 1680.403(c) (requiring that notice be "sent," not received). When the Act 91 Notice was sent by certified mail to Diane Zeglen's home address, notwithstanding that she did not sign for it, she was deemed to have received it three business days later. Moreover, the Zeglens' proposed requirement of actual receipt is incompatible with the general wording of HEMAP's notice provisions and specifically subsection 1608.403c(e), which provides for constructive receipt of a certified mailing sent to the borrower's residence. See Second Federal Sav. and Loan Ass'n v. Brennan, 598 A.2d 997, 1000 (Pa. Super. 1991) ("Actual receipt is not an essential element to fulfill the notice requirement [regarding lender's intent to foreclose]").

Finally, even if FFSL's notice to Diane Zeglen was somehow deficient (which it was not), the Zeglens did not dispute FFSL's averment that their application for HEMAP relief had already been denied by the time the complaint was filed. See FFSL's Complaint, 12/13/2017, at Paragraph 9 (Exhibit E); see also FFSL's Supplemental Affidavit in Support of Summary Judgment (Exhibit A). This relieved FFSL of any further obligation to provide advance notice of its complaint. See 35 P.S. §§ 1680.403c(g)(2); see also Wells Fargo Bank, N.A. ex rel. v. Monroe, 966 A.2d 1140, 1143 (Pa. Super. 2009) ("[E]ven if [notice] was defective, [borrowers] were given and availed themselves of the opportunity to pursue mortgage assistance through [HEMAP]").

In light of FFSL's undisputed factual averments, the Zeglens' general denial as to their receipt of notice is insufficient to raise a genuine question of fact. See Pa.R.C.P. 1029(b) (general denial of an averment in a pleading has effect of an admission). Thus, the trial court properly considered the merits of FFSL's motion for summary judgment,[5] and the order granting that motion must stand.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2020

_____

[5] On appeal, the Zeglens have only challenged the order of summary judgment on the procedural basis that the trial court ruled prematurely. It is, therefore, unnecessary for this Court to evaluate the substantive merits of FFSL's motion for summary judgment.